IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
RICHMOND DIVISION

In Re:

JAMES S. WILSON and
DIANE M. WILSON,

Debtors.

Case Number 14-362314-KRH

Chapter 13

_____

JEANNETTE W. LOGAN,
Administrator, c.t.a.
of Alice S. Wilson, Deceased,

       Plaintiff,

v.

JAMES S. WILSON and
DIANE M. WILSON,

       Defendants.

Adv. Pro. No.:_____

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF CERTAIN DEBTS AND TO RECOVER MONEY

Plaintiff, Jeannette W. Logan, administrator, c.t.a. of Alice S. Wilson, Deceased, files this complaint to determine dischargeability of debts owed by Debtor James S. Wilson and to recover money unlawfully converted to the use of James S. Wilson and Diane M. Wilson. In support of this complaint and adversarial action, Ms. Logan respectfully states as follows:

<u>Jurisdiction</u>

1

1. James S. Wilson and Diane M. Wilson initiated this Chapter 13 bankruptcy case by joint petition dated November 19, 2014. The petition is pending in this court under the style, *In Re: James S. Wilson & Diane M. Wilson, Debtors*, Chapter 13, Case Number 14-362314-KRH.

2. At the time they initiated the bankruptcy, Debtors were defendants in lawsuits pending in the Circuit Court for Northumberland County, Virginia filed by Jeannette W. Logan as administrator of the estate of Alice S. Wilson, deceased.

3. The object of these lawsuits is more particularly described later in this complaint. In general, however, the lawsuits sought to recover funds that James S. Wilson obtained from his mother's bank account sufficient to offset the insolvency of her estate.

4. At the time of these actions, Wilson was acting as his mother's statutory fiduciary. Wilson then defrauded creditors of the estate by unlawfully converting money properly belonging to the estate to his own use and to the use of co-petitioner, Diane M. Wilson.

5. This bankruptcy petition likely results from the underlying state litigation. At the time co-petitioners initiated bankruptcy proceedings, a motion for discovery sanctions against James S. Wilson for false swearing was pending before the Northumberland Circuit Court due to false statements that he had made regarding disposition of his mother's assets. A hearing on that motion was continued once and been rescheduled. The Defendants filed their bankruptcy petition two days before the rescheduled hearing date and state court proceedings have been stayed because of the bankruptcy.

6.     Although the claims described above were not fully or accurately listed in the Defendants' Chapter 13 bankruptcy petition and supporting schedules, Jeannette W. Logan, Administrator was listed as a creditor of co-petitioners, James S. Wilson and Diane M. Wilson with a disputed claim of "$1.00."

7.     At the first meeting of creditors, petitioners admitted that funds obtained from Mr. Wilson's mother had been included as assets of the bankruptcy estate.

8.     This court possesses jurisdiction over Ms. Logan's claims under 11 U.S.C. Section 105, *et seq.* and 28 U.S.C. Section 1334, *et, seq.*

Statement of Claim for Relief by Alice S. Wilson's Estate

9.     The Administrator incorporates Paragraphs 1 through 7 as if here re-pleaded in their entirety,

10.    Alice S. Wilson was the mother of Jeanette W. Logan and the Defendant James S. Wilson. During his mother's lifetime, Wilson was his mother's statutory fiduciary, owing her duties of undivided loyalty and responsibility for assets belonging to his mother coming within his control. After her death he owed continuing duties to the estate and its creditors.

11.    On or about December 15, 2011, James S. Wilson persuaded his mother to obtain a mortgage on her home, withdrawing substantially all of the equity that she had acquired in the residence. He then persuaded her to name him as joint owner of the account holding the loan proceeds.

12.    Mrs. Wilson died on July 5, 2012. Following her death, James S. Wilson withdrew $101,716.27 from accounts held jointly with his mother to which he had made no

contributions himself. He was repeatedly warned by counsel that the decedent's estate would be illiquid and insolvent without the money obtained through the "cash out" mortgage.

13.     Wilson refused to return cash that he had obtained from his mother's accounts. As a result, the mortgage lender foreclosed on his mother's house and creditors of his mother's estate have not been paid.

14.     Ms. Logan, acting as her mother's administrator, first sued James S. Wilson on November 1, 2013 to recover joint account funds withdrawn by him.

15.     After learning through discovery in the first case that Wilson had deposited funds rightfully belonging to the estate into a joint bank account he owned with co-petitioner, Diane M. Wilson, the estate filed a second case in the Northumberland, Virginia Circuit Court, naming James S. Wilson and Diane M. Wilson as co-defendants.

16.     The object of the second lawsuit was to recover the money unlawfully obtained from Ms. Wilson's estate that had been deposited into the joint account of the Defendants, James S. Wilson and Diane M. Wilson. The essential allegations of the second suit are that the Defendants engaged in voluntary and fraudulent conveyance of decedents funds in order to defraud creditors of her estate.

17.     The Defendants fraudulently converted, concealed and disposed of assets to which Alice S. Wilson's creditors and estate were entitled. The debt to his mother's estate is therefore not dischargeable under 11 U.S.C. Section 523(a)(4) and 11 U.S.C. Section (a)(2).

18.   James S. Wilson converted, concealed and disposed of the above-described money through willful and malicious injury to his mother's estate and/or its property. The debt is therefore not dischargeable under 11 U.S.C. Section 523(a)(6).

19.   Money belonging to the estate of Alice S. Wilson and improperly converted to the use of the co-petitioners is not an asset the bankruptcy estate under 11 U.S.C. Section 541, *et seq.* and may not be used as part of a reorganization plan.

20.   The Estate of Alice S. Wilson has been damaged by the above described acts of the co-petitioners and this court should not extend the equity of bankruptcy relief to their aid.

21.   For the reasons stated, Jeannette W. Logan, Administrator of the Estate of Alice S. Wilson, respectfully moves this Court for entry of orders declaring that the debts claimed by the Estate are not dischargeable in bankruptcy and that property belonging to Mrs. Wilson's estate is not part of the bankruptcy estate.

22.   In aid of these motions, the Estate of Alice S. Wilson additionally prays that this court enter orders granting the following relief requested in the underlying lawsuits or that those cases be remanded to the Circuit Court of Northumberland County for adjudication of the following issues :

    a.   Determining that the transfer by the Defendant James Wilson to the Defendants' joint account at Essex Bank, as well as his withdrawal of the funds in that account, be declared void under Virginia Code Section 55-80 and 55 – 81;

    b.   Imposing a constructive trust for the benefit of Mrs. Wilson's estate on the multiple-party account funds withdrawn by the Defendant James Wilson or the proceeds or property thereof;

    c.      Withdrawing the above funds and property from the bankruptcy estate and enjoining the Defendants from disposing of such funds *pendente lite* and ordering they be sequestered until their ownership can be determined;

    d.      That the Defendants be required to account for such funds and pay over to the estate of Mrs. Wilson such amounts as may be necessary to pay the debts, taxes and administrative expenses of her estate;

    e.      That the Court enter judgment against the Defendants, jointly and severally, for the amounts determined to be necessary to satisfy Mrs. Wilson's debts, taxes and administrative expenses;

    g.      That Plaintiff be awarded her costs, pre-judgment interest and post-judgment interest;

    h.      That Plaintiff be awarded reasonable attorney fees against the Defendant James S. Wilson because his actions have required bringing this suit against a third-party, the Defendant Diane M. Wilson; and

    i.      That she be granted such further and general relief as the case requires or the Court deems appropriate.

                                                  JEANNETTE W. LOGAN,
                                                  ADMINISTRATOR OF THE ESTATE OF
                                                  ALICE S. WILSON
                                                  By Counsel

/s/_____
E. Stanley Murphy
Virginia Bar Number 23097
*Attorney for Jeannette W. Logan, Administrator*
DUNTON, SIMMONS & DUNTON, LLP
678 Rappahannock Drive
P.O. Box 5
White Stone, Virginia 22578
Telephone:  (804) 435-4000
Telefax:     (804) 435-1614
Email:       esmurphy@dsdlaw.com

/s/_____
James S. Sease
Virginia Bar Number 19220
*Attorney for Jeannette W. Logan, Administrator*
JAMES S. SEASE P.C.
10458 Buckley Hall Road
Mathews, Virginia 23109
Phone:        (804) 725-4700
Telefax:       (804) 725-4704


SERVICE TO FOLLOW FOLLOWING ASSIGNMENT OF
ADVERSARIAL ACTION NUMBER BY THE CLERK.