**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| IN RE: JAMES S. WILSON and | ) | |
| DIANE M. WILSON, | ) | |
| | ) | Case No. 14-362314-KRH |
| Debtors. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | | |
| JEANNETTE W. LOGAN | ) | |
| Administrator, c.t.a. | ) | |
| Of Alice S. Wilson, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 15-03032-KRH |
| JAMES S. WILSON and | ) | |
| DIANE M. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## AND COUNTERCLAIMS

Defendants James S. Wilson and Diane M. Wilson (the "Wilsons"), by counsel, submit

the following as their Answer and Affirmative Defenses (the "Answer") and Counterclaims to

the Amended Adversary Complaint to Determine Dischargeability of Certain Debts (the

"Complaint") filed by the Plaintiff, Jeannette W. Logan, Administrator, c.t.a. of Alice S. Wilson,

deceased ("Ms. Logan"):

_____
David K. Spiro (VSB No. 28152)
Nathaniel L. Story (VSB No. 77364)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: dspiro@hf-law.com
        nstory@hf-law.com

*Counsel for the Defendants*

1.      The allegations set forth in paragraph 1 of the Complaint are admitted.

2.      The allegations set forth in paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a further response is required, the Wilsons deny the allegations and call for strict proof thereof.

3.      The allegations set forth in paragraph 3 of the Complaint constitute legal conclusions to which no response is required.

4.      The allegations in the first sentence of paragraph 4 of the Complaint are admitted. The remaining allegations constitute legal conclusions to which no response is required.  To the extent a further response is required, the allegations are denied and strict proof is required.

5.      The Wilsons deny the allegations in paragraph 5 of the Complaint and call for strict proof thereof.

6.      The Wilsons admit the allegations in the first paragraph of the Complaint.  The Wilsons deny the allegations in paragraph 6 of the Complaint and call for strict proof thereof.

7.      The Wilsons deny the allegations in the first sentence of paragraph 7 of the Complaint.  The Wilsons admit the allegations in the second sentence of paragraph 7 that the mortgage lender on his mother's house, deny the remaining allegations as stated, and call for strict proof thereof.

8.      In response to the allegations set forth in paragraph 8 of the Complaint, the Wilsons state that the documents and pleadings speak for themselves and deny any allegations inconsistent therewith.  To the extent a further response is required, the Wilsons deny the same and demand strict proof thereof.

9.      In response to the allegations set forth in paragraph 9 of the Complaint, the Wilsons state that the documents and pleadings speak for themselves and deny any allegations

inconsistent therewith.  To the extent a further response is required, the Wilsons deny the same and demand strict proof thereof.

10.     In response to the allegations set forth in paragraph 10 of the Complaint, the Wilsons state that the documents and pleadings speak for themselves and deny any allegations inconsistent therewith.  To the extent a further response is required, the Wilsons deny the same and demand strict proof thereof.

11.     In response to the allegations set forth in paragraph 11 of the Complaint, the Wilsons state that the documents and pleadings speak for themselves and deny any allegations inconsistent therewith.  To the extent a further response is required, the Wilsons deny the same and demand strict proof thereof.

12.     In response to the allegations set forth in paragraph 12 of the Complaint, the Wilsons incorporate the responses in paragraphs 1-11 as if fully set forth herein.

13.     The allegations set forth in paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Wilsons deny the same and demand strict proof thereof.

14.     The Wilsons deny the allegations set forth in paragraph 14 of the Complaint.  The allegations further set forth in paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, The Wilsons deny the same and demand strict proof thereof.

15.     The Wilsons deny the allegations in paragraph 15 of the Complaint and call for strict proof thereof.

16.     The Wilsons deny the allegations in paragraph 16 of the Complaint and call for strict proof thereof.

17.     The Wilsons deny the allegations in paragraph 17 of the Complaint and call for strict proof thereof.  The Wilsons deny any allegations contained in the WHEREFORE clause set forth after paragraph 17 of the Complaint.

18.     In response to the allegations set forth in paragraph 18 of the Complaint, the Wilsons incorporate the responses in paragraphs 1-17 as if fully set forth herein.

19.     The allegations set forth in paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Wilsons deny the same and demand strict proof thereof.

20.     The Wilsons deny the allegations in paragraph 20 of the Complaint and call for strict proof thereof.

21.     The allegations set forth in paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Wilsons deny the same and demand strict proof thereof. The Wilsons deny any allegations contained in the WHEREFORE clause set forth after paragraph 21 of the Complaint.

22.     In response to the allegations set forth in paragraph 22 of the Complaint, the Wilsons incorporate the responses in paragraphs 1-21 as if fully set forth herein

23.     The allegations set forth in paragraph 23 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Wilsons deny the same and demand strict proof thereof.

24.     The Wilsons deny the allegations in paragraph 24 of the Complaint and call for strict proof thereof.

25.     The Wilsons deny the allegations in paragraph 25 of the Complaint and call for strict proof thereof.

26.     The Wilsons deny the allegations in paragraph 26 of the Complaint and call for strict proof thereof.

27.     The allegations set forth in paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Wilsons deny the same and demand strict proof thereof.

28.     The allegations set forth in paragraph 28 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Wilsons deny the same and demand strict proof thereof.  The Wilsons deny any allegations contained in the WHEREFORE clause set forth after paragraph 28 of the Complaint.

## RESERVATION OF RIGHTS

29.     The Wilsons deny all allegations set forth in the Complaint except those allegations expressly admitted herein.

30.     The Wilsons deny that Ms. Logan is entitled to the relief and/or damages sought against them as set forth in any of the request for relief (including all subparts) of the Complaint, or to any other requests for relief and/or damages sought against the Wilsons as contained elsewhere in the Complaint.

## AFFIRMATIVE DEFENSES

Further answering by way of defenses to the Complaint, the Wilsons state the following:

1.     The Complaint fails to state a claim upon which relief can be granted against the Wilsons.

2.     Ms. Logan is not entitled to the relief sought in the Complaint by reason of unclean hands.

3.      Ms. Logan is not entitled to the relief sought in the Complaint due to waiver and/or estoppel.

4.      Ms. Logan is not entitled to the relief sought in the Complaint due to a failure to mitigate damages.

5.      Ms. Logan is not entitled to the relief sought in the Complaint due to actual and/or constructive fraud.

6.      Ms. Logan is not entitled to the relief sought in the Complaint due to self-dealing.

7.      Ms. Logan is not entitled to the relief sought in the Complaint due to set-off or offset.

8.      Ms. Logan is not entitled to the relief sought in the Complaint to the extent that she is unable to satisfy each of the elements of 11 U.S.C. §523.

9.      The Wilsons reserve the right to amend this Answer and/or to assert additional affirmative defenses as investigation and discovery continue.

**WHEREFORE**, the Wilsons respectfully requests that the Court: (a) dismiss the Complaint with prejudice; (b) award the Wilsons their costs and attorneys' fees in this action; and (c) grant such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

James S. Wilson and Diane M. Wilson (the "Wilsons" or "Debtors"), for their Counterclaim against Jeannette W. Logan, Administrator of the Estate of Alice S. Wilson (the "Estate"), state as follows:

### Jurisdiction

1.      The Debtors initiated this Chapter 13 bankruptcy case by joint petition dated November 19, 2014.  The petition is pending in this Court under the style, In Re: James S. Wilson & Diane M. Wilson, Debtors, Chapter 13, Case Number 14-36214-KRH.

2.      This Court possesses jurisdiction over the Debtors' claims under 11 U.S.C. Section 105, *et seq.* and 28 U.S.C. Section 1334, *et seq.*  The Debtors further state that these claims are statutorily core but constitutionally non-core claims.  The Debtors further do not consent to the entry of final orders or judgment by the bankruptcy judge.

### Background

3.      In or around August 2011, the Wilsons agreed to bring Mr. Wilson's mother, Alice S. Wilson ("Alice Wilson") to live on the property adjacent to them so that they could provide her with care in her later years.  The Wilsons expended time and expense in the care for Alice Wilson.

4.      Alice Wilson notified Mr. Wilson and his brother Richard Wilson, of certain items of personalty in her home at Hacks Neck Road, Northumberland County, Virginia (the "Home") that she was providing them as gifts and that they should remove from the Home.

5.      Shortly after Alice Wilson moved, Mr. Wilson discovered that she had signed an agreement for home health care that was well in excess of what she could afford, and that she owed over $30,000.

6.      Thereafter, in December 2011, Alice Wilson applied for and received a mortgage in the amount of around $155,000 on her Home, which was valued at over $300,000.  The proceeds were deposited in an account held with the Bank of Lancaster, with mortgage payments to be subtracted monthly from the account.

7.      In the Spring of 2012, Alice Wilson asked that Jeannette W. Logan's ("Ms. Logan") name be removed from the Lancaster account.

8.      Mortgage payments on the Home were deducted from the Lancaster account.

9.      On July 5, 2012, Alice Wilson passed away.  Mr. Wilson offered to Ms. Logan to continue to make two-thirds of the mortgage payments on the Home.  Ms. Logan refused to make any payments to the mortgage on the Home.

10.     Mr. Wilson paid additional funeral charges and Alice Wilson's outstanding bills in excess of $23,000, which included, without limitation, credit card payments,  Home insurance, electric and utility bills, home and auto repair, pool maintenance, driveway repair, tree removal, lawn and garden expenses, and garbage disposal.

11.     After her appointment as administrator, Ms. Logan notified Mr. Wilson that she refused to continue to make any mortgage payments on the Home.

12.     Thereafter, the Home was listed for sale.

13.     In the Spring of 2013, upon information and belief, Ms. Logan, in her capacity as Administrator and/or individually, began to remove certain items of personalty from the Home to which she was not entitled.

14.     In June 2013, Ms. Logan, in her capacity as Administrator and/or individually, again notified Mr. Wilson that she refused to make mortgage payments on the Home.

15.     The Home was sold in a foreclosure sale.

8

16.     Upon information and belief, Ms. Logan personally purchased the Home in conjunction with the foreclosure sale through a limited liability company, Hacks Neck Road 2496 LLC, for a price below market value and in a foreclosure sale in which the bidding may have been inappropriate.

### Count I – Setoff

17.     The Wilsons incorporate the foregoing allegations as if fully set forth herein.

18.     The Wilsons invested time and expense in the care of Alice Wilson.

19.     The Wilsons made payments in excess of $23,000 for Alice Wilson prior to the filing of the instant Petition.

20.     Upon information and belief, certain items of personalty have been removed from the Home, not credited to, or distributed under, the administration of the Estate, to which Mr. Wilson may have a claim.

21.     The Wilsons assert a claim under 11 U.S.C. § 553 for setoff.

WHEREFORE, the Wilsons respectfully request that the Court enter judgment in their favor and against Ms. Logan under Count I, in an amount of not less than $40,000.00, and grant such other and further relief as the Court deems appropriate.

### Count II – Breach of Fiduciary Duty

22.     The Wilsons incorporate the foregoing allegations as if fully set forth herein.

23.     The Wilsons are beneficiaries under the Will of Alice S. Wilson.

24.     In her capacity as Administrator of the Estate, Ms. Logan breached her fiduciary duty through failing to use good faith and reasonable efforts to sell the Home for fair market value.

25.     Upon information and belief, Ms. Logan breached her fiduciary duty to the Estate by failing and refusing to make mortgage payments for the Home and allowing it to proceed to foreclosure.

26.     Upon information and belief, Ms. Logan breached her fiduciary duty to the Estate by purchasing the Home through a limited liability company in which she was a member, for below fair market value.

27.     Upon information and belief, Ms. Logan breached her fiduciary duty to the Estate by taking affirmative action and inaction to improperly affect the bidding of other bidders in an effort to purchase the Home for below fair market value.

28.     Upon information and belief, Ms. Logan breached her fiduciary duty to the Estate by selling items of personalty for below fair market.

29.     Upon information and belief, Ms. Logan breached her fiduciary duty to the Estate by personally recovering certain items of personalty for her own benefit without paying for them, or selling these items without depositing the funds into the Estate.

30.     As a direct result of Ms. Logan's breaches of fiduciary duties, the Wilsons have been damaged in an amount of  not less than $75,000.00.

WHEREFORE, the Wilsons respectfully request that the Court enter judgment in their favor and against Ms. Logan under Count II, in an amount of not less than $75,000.00, and grant such other and further relief as the Court deems appropriate.

Date:  June 3, 2015                         JAMES S. WILSON
                                            DIANE M. WILSON


                                            By:  /s/ Nathaniel L. Story
                                                       Counsel

10

David K. Spiro (VSB No. 28152)
Nathaniel L. Story (VSB No. 77364)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: dspiro@hf-law.com
        nstory@hf-law.com

*Counsel for the Wilsons*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2015, a true and correct copy of the foregoing pleading was served using the Court's ECF system, which thereby caused the pleading to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and that the foregoing pleading was also served via first class mail, postage prepaid, to the parties below:

Robert A. Canfield, VSB No. 16901
CANFIELD, BAER &HELLER, LLP
2201 Libbie Avenue, #200
Richmond, VA 23230
804-673-6600
804-673-6604

E. Stanley Murphy (VSB No. 23097)
Dunton, Simmons & Dunton, LLP
678 Rappahannock Drive
PO Box 5
White Stone, Virginia 22578
(t) (804) 435-4000
(f) (804) 435-1614
(e) esmurphy@dsdlaw.com

and

James S. Sease (VSB No. 19220)
James S. Sease, PC
10458 Buckley Hall Road
Mathews, Virginia 23109
(p) (804) 725-4700
(f)  (804) 725-4704

*Attorneys for Jeannette W. Logan, Administrator*

and

Suzanne E. Wade
Chapter 13 Trustee
PO Box 1780
Richmond, VA 23218-1780

              /s/ Nathaniel L. Story
                    Counsel

12